**William E. CONRAD, Plaintiff,**

v.

**FIRST STATE BANK & TRUST COMPANY now Landmark Central Bank & Trust Company, Attorney Philip Gallop, Walter L. McRoy, Melvyn W. Wiesman, Dennis J. Quillin and Joanne Moran, Defendants.**

No. 78–186 C (3).

United States District Court,
E. D. Missouri, E. D.

March 10, 1978.

William E. Conrad, pro se.

Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, Mo., for defendant Philip Gallop.

L. W. Boschert, St. Charles, Mo., for defendant Joanne Moran.

Thomas W. Wehrle, County Counselor, Andrew J. Minardi, Associate County Counselor, St. Louis, Mo., for defendants Melvyn W. Wiesman, Dennis J. Quillin and Joanne McRoy.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motions of defendants Joanne Moran and Philip Gallop to dismiss plaintiff's *pro se* complaint.

Plaintiff has filed an "Affidavit of Bias and Prejudice" seeking disqualification of the judges of the Eastern District of Missouri, with the exception of the Honorable Edward L. Filippine because

Each judge has inflicted punishment without a presentment or indictment of a Grand Jury of a capitol or infamous crime unknown to the Plaintiff and his wife contrary to the United States Constitution and Laws of the United States.

This affidavit, treated herein as a motion, will be denied as totally without any support or basis therefor.

Plaintiff alleges in his complaint that defendants conspired to deprive plaintiff of his constitutional rights. Specifically, plaintiff alleges that defendant First State Bank & Trust Company, represented by defendant Philip Gallop, filed a petition in the Magistrate Court of St. Louis County upon a promissory note. Plaintiff seems to contend that in fact the debt was "a Credit Card # 226.2(R), open end credit transactions # 226.2(S), (X), and 7" under the Truth-in-lending Act, rather than a promissory note, and that therefore, "Filing petition as promissory note is Fraudulent". The thrust of plaintiff's complaint, however, is that plaintiff was improperly served and thus, there was no jurisdiction over his person. Named also as defendants herein are Walter L. McRoy, apparently a deputy sheriff; Melvyn W. Wiesman and Dennis J. Quillin, magistrate judges who were involved in the state proceedings; and Joanne Moran, a court reporter, who allegedly failed to transcribe the proceedings as paid to do by plaintiff herein.

With the exception of the claim against defendant Moran, plaintiff previously filed the identical lawsuit. Cause no. 76–158 C (3). Said suit was dismissed by the Honorable H. Kenneth Wangelin for failure to state a cause of action. Judge Wangelin stated that plaintiff failed to state whether he had pursued his appellate remedies in the state courts and dismissed for failure to so appeal. On June 10, 1976, the dismissal was affirmed by the United States Court of Appeals for the Eighth Circuit, No. 76–1267, 538 F.2d 333. The Court of Appeals held that the claim for declaratory and injunctive relief was properly dismissed for failure to appeal the Magistrate Court ruling to the appropriate state courts. The Court of Appeals also held that dismissal against the defendant Magistrate Judges was proper because:

. . . before a plaintiff may proceed with a civil rights action for damages against a judicial officer for actions performed in the course of a judicial proceeding, he must first have given that officer an opportunity to correct any errors he may have made. Since the complaint was filed only four days after entry of the order appealed from, it is clear that Conrad had not yet given the magistrates an opportunity to correct their errors, if any, by appealing their judgments to the circuit courts. *Conrad v. First State Bank & Trust Co.*, No. 76–1267, 538 F.2d 333 (June 10, 1976) (slip opinion at page 3).

With regard to the remaining defendants, the Court of Appeals held that the allegations of conspiracy were "too vague and conclusory to state a claim of conspiracy". *Id.* at page 4.

■■■ In the present suit, plaintiff claims to have exhausted his state remedies, and has attached an order of the Missouri Supreme Court denying plaintiff's motion for leave to file a special notice of appeal. This Court has severe doubts that plaintiff did, in fact, exhaust his state remedies. The proper course would have been for plaintiff to appeal the Magistrate Court's rulings to the Circuit Court. Denial of leave to appeal to the Supreme Court does not necessarily indicate that state remedies have been exhausted. Plaintiff has again failed to plead sufficiently that he has given the defendant Magistrate Judges an opportunity to correct their alleged errors. As before, plaintiff's allegations of conspiracy are totally conclusory. Plaintiff alleges that "[c]ollusive conspiracy to remove, alter and replace court records [concerning service of process] required joint effort of defendants". Such allegation is clearly insufficient to state a claim herein.

Accordingly, the Court will grant these defendants' motions to dismiss and will dismiss the cause as to all defendants.